Filed 4/8/25 Castrellon v. Victoria's Secret Stores CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| DANIEL CASTRELLON, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> VICTORIA'S SECRET STORES, LLC, <br><br> Defendant and Respondent. | B322138 <br><br><br> (Los Angeles County <br> Super. Ct. No. 19CHCV00792) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Melvin D. Sandvig, Judge. Affirmed.

Daniel Castrellon, in pro. per., for Plaintiff and Appellant.

Vorys, Sater, Seymour and Pease, Cory D. Catignani, and Jocelyn M. Hoffman for Defendant and Respondent.

_____

Plaintiff and appellant Daniel Castrellon appeals from a judgment in favor of defendant and respondent Victoria's Secret Stores, LLC (VSS). Castrellon argues the trial court erred in granting summary judgment because there were triable issues of fact and the trial court should have denied or continued the motion to allow him to conduct further discovery to oppose the motion. For the reasons stated below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

VSS is a nationwide retailer that sells lingerie, cosmetics, and beauty products. VSS hired Castrellon as a seasonal associate on November 8, 2012. In January 2013, Castrellon was promoted to sales associate. On October 25, 2015, VSS terminated his employment.

## I. Class action against VSS

In July 2014, VSS employees filed a class action lawsuit against VSS for wage and hour claims. That lawsuit was settled in 2017. Under the terms of the settlement, the class members agreed to release their wage and hour claims against VSS, covering the period from July 9, 2010 to August 11, 2017.

VSS submitted a declaration from the class settlement administrator, who stated only two class members timely requested to opt out of the settlement. Castrellon was a class member. However, he was not one of the two class members who opted out of the settlement. Castrellon received, signed, and cashed his class settlement check.

## II. Castrellon's small claims action

On July 28, 2017, Castrellon sued VSS in small claims court. He alleged VSS owed him $10,000 for denying him raises; denying him advancement; discriminating against him based on his gender, gender expression, race, and age; creating a hostile

2

work environment; bullying; and sexual harassment. He further alleged that VSS denied him lunch breaks, rest breaks, vacations, and promised commissions.

With the assistance of a mediator, Castrellon and VSS settled the small claims action on November 15, 2018, resolving all claims Castrellon had against VSS. The settlement was memorialized in two documents—a short-form settlement agreement on a preprinted small claims form, and a long-form agreement containing more detailed terms. Both the short-form and long-form agreements were signed by Castrellon and VSS's representative on November 15, 2018. Both agreements obligated VSS to pay Castrellon $10,000 in exchange for dismissing his small claims action.

The short-form agreement required VSS to pay the full settlement amount by December 2018 by company check. However, a specific day for payment was not included.

The long-form agreement contained additional terms, including confidentiality, modification, and integration clauses. The modification clause provided: "No modification thereof shall be effective unless the same be in writing duly executed by the [p]arties." The integration clause provided: "This [a]greement is the complete and exclusive statement of the agreement among the [p]arties, superseding all proposals and prior agreements, oral or written, and all other communication among the [p]arties relating to the subject matter herein." The long-form agreement also provided more detailed instructions on the timing of the settlement payment. It obligated VSS to pay Castrellon the settlement amount within 21 days following receipt by VSS from Castrellon a signed and completed "IRS Form W-9" and a signed and completed "Master Maintenance form."

Less than a month later, on December 10, 2018, Castrellon sent an e-mail to VSS's former counsel.  Castrellon said he could no longer go forward with the small claims settlement.  "Unfortunately this agreement has to[o] many rules/stipulation[s] that I cannot go forward with.  As well as the fact that I had a verbal agreement with Monica Holmes that I would receive the [$]10,000 . . . check before I would have to do anything else, as well as the fact that Monica Holmes assured me that I would get the check before the 5th of December.  Since I did not receive the check I could not continue with the W9 form.  I cannot go forward with the agreement since I do feel the small claims agreement was broken as well."  "The small claims mediator made a mistake on my small claims form instead of putting in the 21 day stipulation she accidentally wrote zero/0 she brought this to my attention and crossed the zero and she told me she made a mistake, this is when Monica Holmes assured me that I would receive the check before the 5th of December, I told our mediator . . . that it doesn't matter that I need the 21 day rule because if I didn't receive the check by December 6th I would be able to refile my case.  I need that to protect me in case I don't receive payment."

Castrellon continued:  "The agreement to me feels more like a gag order that they can enforce with legal action for the rest of my life.  I would not knowing[ly] enter into an agreement knowing I am in violation of more th[a]n half the stipulations/rules after signing.  For all these reasons and more I respectful[ly] withdraw from our agreement put forth November 15[,] 2018, as stipulated in section 11[,] page 3 Modifications.  In which it says no modifications can be made unless duly written and executed by the parties, me being one of the two parties.

This does not mean I am not open to the restructuring of a new deal, this only means that I cannot live up to the demands of the agreement."

On December 20, 2018, VSS sent Castrellon a check for $10,000.

On January 4, 2019, Castrellon requested a dismissal of the small claims case and settlement agreement because "they said they would not send the [$]10,000 check as well as the fact that they held the check hostage, so they could get something out of me . . . not following the rules of the court, that any payment be made before moving forward."

On April 30, 2019, the small claims court granted the request after holding a hearing. Castrellon appeared. VSS did not.[1] According to the minute order, after hearing Castrellon's testimony, the court found "that the settlement reached in this matter was not consummated according to its terms and that [Castrellon] desire[d] to refile his claim in another action." The small claims court vacated the settlement and dismissed Castrellon's claim without prejudice.

## III.   This lawsuit

After dismissing the small claims action, Castrellon filed this action as an unlimited civil case. He alleged 25 causes of action for breach of contract, fraud, intentional torts, general negligence, common counts, and premises liability. Nineteen of his causes of action are based on allegations of conduct occurring

---

[1]    VSS claims it was unaware of the hearing because Castrellon did not serve it with notice at the address provided on the record in the small claims action or through VSS's statutory agent.

5

on or before the last day of his employment with VSS in October 2015. Castrellon's remaining causes of action are based on allegations of conduct that occurred on or before the November 15, 2018 small claims settlement.

The trial court granted VSS's motion to bifurcate the issues of whether Castrellon's causes of action were barred by the prior settlement agreements or whether they were time-barred by the applicable statutes of limitations.

VSS then moved for summary judgment on these defenses. The trial court granted the motion. It found Castrellon failed to respond to VSS's separate statement or present any admissible evidence of disputed material facts. This, the trial court ruled, was sufficient grounds to grant VSS's motion. The trial court noted that Castrellon filed two responses to VSS's motion; however, the responses did not address VSS's arguments or provide evidence other than conclusory or unsupported statements that triable issues existed. These procedural defects notwithstanding, the trial court also found summary judgment was proper in light of the class action and small claims settlements, as well as on statute of limitations grounds.

With respect to the class action settlement, the trial court found Castrellon and other class members agreed to release VSS from the covered claims, including all claims for unpaid wages, fraud, and common counts for the period of July 9, 2010, through August 11, 2017. Because Castrellon did not timely opt out of the settlement, he released these claims against VSS.

The trial court found that the small claims settlement also barred Castrellon's claims. The trial court noted it was not bound by the small claims court's findings or dismissal, and therefore it was not precluded from finding that VSS fulfilled its

6

obligations under the agreement.  The trial court found there was no triable issue of material fact that VSS met its obligation to pay Castrellon the $10,000 settlement amount.  The trial court also rejected Castrellon's claim that payment was untimely.  It found Castrellon had failed to comply with his obligations in returning the completed forms to VSS, which would have triggered the 21-day payment deadline.

Last, the trial court found that each of Castrellon's causes of action were barred by the applicable statutes of limitations.

The trial court denied Castrellon's motion for reconsideration on the grounds that it was untimely.

Castrellon appealed.

## DISCUSSION

As an initial matter, we note it is unclear what Castrellon's contentions are on appeal.  Castrellon's notice of appeal states that he is appealing from a February 3, 2022 judgment after an order granting summary judgment.  However, the only argument supported by legal authority in Castrellon's opening brief relates to whether the trial court abused its discretion in refusing Castrellon's request to continue or deny VSS's motion to give Castrellon additional time to conduct additional discovery.  Castrellon has not cited, nor has our review of the record revealed such a request.  Further, while his briefs contain assertions that there are disputed issues of material fact, the record reflects that Castrellon failed to respond to VSS's separate statement or indicate which material facts are in dispute.  These omissions are fatal to Castrellon's appeal as his arguments are forfeited.  Nevertheless, our review of the record shows the trial court properly granted summary judgment in favor of VSS on the

7

grounds that the prior settlement agreements effectively released any claims Castrellon had against VSS.

**I.    Castrellon has not shown the trial court abused its discretion in denying his request to continue the summary judgment proceeding to conduct further discovery**

Code of Civil Procedure section 437c, subdivision (h) provides: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just." (*Ibid*.)  A party seeking a continuance under that subdivision must show:  " ' " '(1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts.' " ' " (*Combs v. Skyriver Communications, Inc.* (2008) 159 Cal.App.4th 1242, 1269–1270 (*Combs*).)  We review the trial court's decision not to continue a summary judgment motion to allow for further discovery for abuse of discretion.  (*Id*. at p. 1270.)

As noted above, there is nothing in the record showing Castrellon requested a continuance to conduct further discovery. Because Castrellon did not argue this below, the argument is forfeited.  (See *Nicoletti v. Kest* (2023) 97 Cal.App.5th 140, 147.)

We note Castrellon claims that he did request a continuance to conduct further discovery.  His reply brief cites to a December 22, 2021 declaration, which states: "I have important information to bring to the court[']s attention as well

8

as an additional request to have the floor and uncover some important evidence I have yet to get my hands on." Even if we assumed this declaration constituted a request for a continuance to conduct further discovery, it does not meet the necessary requirements to show a continuance was warranted. The declaration does not state the facts Castrellon needed to obtain to oppose the motion, the reasons to believe such facts existed, or why he needed additional time to obtain those facts. (*Combs*, *supra*, 159 Cal.App.4th at pp. 1269–1270.) Therefore, even if the argument were not forfeited, we would find no abuse of discretion.

## II. Castrellon did not dispute VSS's facts by responding with a separate statement

We also find the trial court properly granted VSS's motion based on Castrellon's failure to dispute any of VSS's material facts as provided in its separate statement.

"The separate statement 'is an indispensable part of the summary judgment or adjudication process' because it plainly identifies factual issues and allows the trial court to determine whether a trial is required to establish those facts and resolve the dispute. [Citations.] 'Opposition separate statements must cite to facts and evidence for the evidence to be considered by the court.' " (*Champlin/GEI Wind Holdings, LLC v. Avery* (2023) 92 Cal.App.5th 218, 226 (*Champlin*).) "Admissible evidence is required to show that disputed issues of material fact exist. [Citation.] 'Responsive evidence that "gives rise to no more than mere speculation" is not sufficient to establish a triable issue of material fact.' " (*Ibid.*)

Castrellon's failure to oppose VSS's separate statement with admissible evidence to demonstrate triable issues of

9

material fact was sufficient grounds to grant the motion. (*Champlin, supra*, 92 Cal.App.5th at p. 227.)

## III. VSS was entitled to summary judgment based on the settlement agreements

In addition to Castrellon's failure to respond to VSS's separate statement, we conclude the trial court properly granted summary judgment in favor of VSS based on the settlement agreements.

"A settlement agreement is considered presumptively valid, and plaintiffs are bound by an agreement until they actually rescind it." (*Village Northridge Homeowners Assn. v. State Farm Fire & Casualty Co.* (2010) 50 Cal.4th 913, 930.) A party to an agreement " ' "cannot rescind at his pleasure, but only for some one or more of the causes enumerated" ' " in Civil Code section 1689. (*Nmsbpcsldhb v. County of Fresno* (2007) 152 Cal.App.4th 954, 959; Civ. Code, § 1689, subd. (b).) These include when the consideration for the obligation fails or becomes void, or if the consent of the rescinding party, here, Castrellon, was "given by mistake, or obtained through duress, menace, fraud, or undue influence." (See Civ. Code, § 1689, subd. (b)(1).)

With respect to the small claims settlement agreement, Castrellon released VSS from any and all claims he had or may have had against them through November 15, 2018. Each of Castrellon's causes of action are based on conduct that occurred before November 15, 2018; therefore, the small claims settlement effectively released these claims. Further, Castrellon has not established the existence of any triable issues of fact as to whether he rescinded the agreement. Rather, the record shows Castrellon merely disagreed with the agreement's terms after signing it. Castrellon's disagreement with the settlement's terms

10

after the fact is not a statutorily valid basis to rescind the agreement.  (See Civ. Code, § 1689, subd. (b)(1).)

Moreover, there is no evidence that VSS failed to comply with its obligations under the agreement.  VSS sent Castrellon the agreed upon settlement amount on December 20, 2018.  Despite Castrellon's claims to the contrary, the settlement payment was timely as the 21-day deadline to make the payment was never triggered because Castrellon never completed the forms he was required to sign and return to VSS.  To the extent that Castrellon argues this finding (as well as the trial court's) is contrary to the small claims court's, neither we nor the trial court are bound by the small claims court's prior findings.  (See *Sanders v. Walsh* (2013) 219 Cal.App.4th 855, 865–866.)

Regarding the class action settlement, there is no evidence that Castrellon timely opted out of the settlement.  While Castrellon submitted a declaration from his mother indicating that she placed his opt out letter in the mail, there is no indication about when she did so.  Further, the record shows that Castrellon cashed his settlement check and that he was not one of the two class members who opted out.

Given this record, we conclude there was no triable issue of material fact that settlements were valid and released VSS from Castrellon's claims as alleged in his complaint.

## DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

GRIMES, J.